Dawniell Alise Zavala (CA State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:   (415) 268-2000
Facsimile:    (415) 268-1999
Email:          dawniell.zavala@hro.com

Attorneys for Plaintiffs,
ATLANTIC RECORDING CORPORATION; SONY BMG MUSIC ENTERTAINMENT; BMG MUSIC; UMG RECORDINGS, INC.; LAFACE RECORDS LLC; and MOTOWN RECORD COMPANY, L.P.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; BMG MUSIC, a New York general partnership; UMG RECORDINGS, INC., a Delaware corporation; LAFACE RECORDS LLC, a Delaware limited liability company; and MOTOWN RECORD COMPANY, L.P., a California limited partnership, <br><br>                       Plaintiffs, <br><br>       v. <br><br> ANDREW SUAREZ-LOPEZ, <br><br>                       Defendant. | CASE NO. C 08-01667-WHA <br><br> Honorable William H. Alsup <br><br> **CASE MANAGEMENT STATEMENT** <br><br> Date of Initial CMC:    July 3, 2008 <br> Time:                         11:00 a.m. <br> Courtroom:                9 <br> Action Filed:               March 27, 2008 |

CASE MANAGEMENT STATEMENT
Case No. C 08-01667-WHA
#38461 v1

Pursuant to Local Rule 16-9(a), Plaintiffs ATLANTIC RECORDING CORPORATION, *et al*. ("Plaintiffs") submit this separate Case Management Statement. Plaintiffs submit a separate statement instead of a joint statement because, although Defendant was recently served with process, he has not yet appeared in this action, nor has he responded to Plaintiffs efforts to meet and confer in anticipation of the upcoming case management conference. Accordingly, Plaintiffs find it necessary to file a separate Case Management Statement at this time. Declaration of Dawniell Alise Zavala, ¶6.

**1.     Jurisdiction and Service**

The Court has jurisdiction under 17 U.S.C. § 101 *et seq*.; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright). Venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400. Defendant was served with process on June 19, 2008. No parties remain to be served.

**2.     Facts**

This is a copyright action wherein Plaintiffs seek redress for infringement of copyrighted sound recordings pursuant to the Copyright Act of 1976, 17 U.S.C. § 101, *et seq* ("Copyright Act"). Plaintiffs are recording companies that own or control exclusive rights to copyrights in sound recordings, including the rights at issue in this case: (1) Plaintiffs' exclusive right to reproduce their copyrighted sound recordings, and (2) Plaintiffs' exclusive right to distribute the copyrighted sound recordings.

**A.     Plaintiffs' Contentions**

On October 26, 2007, Plaintiffs obtained evidence of infringement by the holder of the Internet Protocol ("IP") address 207.62.146.204 2007-10-26 19:31:12 EDT, who was using the LimeWire online media distribution system over a peer-to-peer file-sharing network to distribute 419 audio files, many of which were Plaintiffs' copyrighted sound recordings. Plaintiffs then filed their Complaint for Copyright Infringement against Defendant John Doe on March 27, 2008. Although Plaintiffs did not know the Defendant's true identity, they were able to identify Defendant by the aforementioned IP address, which had been assigned by a third-party Internet Service Provider ("ISP") (here, California State University, Monterey Bay) on the date and at the time of the alleged

1

infringement. In order to determine Defendant's true identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on March 27, 2008, seeking the Court's permission to serve a Rule 45 subpoena on the ISP to obtain identifying information including Defendant's true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address (a number that identifies the piece of computer hardware used to connect to the ISP's network).

The Court entered an Order for Leave to Take Immediate Discovery on April 24, 2008, granting Plaintiffs' request to serve a Rule 45 subpoena on the ISP. Plaintiffs served their subpoena on California State University, Monterey Bay on May 12, 2008. The ISP responded to the subpoena on June 11, 2008, identifying Defendant Andrew Suarez-Lopez as the holder of the particular IP address at issue on the particular date at issue. After informal attempts to resolve the dispute failed, Plaintiffs filed their First Amended Complaint against Mr. Suarez-Lopez for copyright infringement.

Plaintiffs sent Defendant a letter on June 19, 2008 via mail and email urging him to contact Plaintiffs to meet and confer regarding the upcoming case management conference, but to date, Defendant has not yet responded to Plaintiffs' June 19, 2008 correspondence.

**3.    Legal Issues**

Plaintiffs believe that Defendant used an Internet account to access an online media distribution system to download Plaintiffs' copyrighted sound recordings and to distribute the copyrighted sound recordings to other users in violation of Plaintiffs' exclusive rights of reproduction and distribution as enumerated in Section 106 of the Copyright Act, 17 U.S.C. § 106. As such, Plaintiffs believe Defendant is liable for infringement of Plaintiffs' copyrights pursuant to 17 U.S.C. § 501(a)-(b), and that Plaintiffs are thus entitled to statutory damages pursuant to 17 U.S.C. § 504(c), injunctive relief pursuant to 17 U.S.C. §§ 502 and 503, and attorney's fees and costs pursuant to 17 U.S.C. § 505.

**4.    Motions**

Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on March 27, 2008, which the Court granted by its Order of April 24, 2008. Plaintiffs anticipate no further motion practice at this point in time, but reserve the right to file additional motions if warranted as

2

the case develops, including motions for summary judgment and/or summary adjudication.

**5.     Amendment of Pleadings**

Plaintiffs do not anticipate adding any claims, but reserve their right to do so should discovery reveal additional claims that may be brought. Plaintiffs propose that a deadline for amendment of the pleadings be determined at such time as the parties are able to meet and confer after Defendant files an answer or other response to the Complaint.

**6.     Evidence Preservation**

Plaintiffs are taking all necessary steps to preserve evidence related to the issues in this action, including preservation of e-mails, documents, digital audio files, and electronically stored information. After Defendant appears in this action, Plaintiffs have communicated to Defendant the need to preserve evidence, including particularly electronically-stored information on Defendant's computers.

**7.     Disclosures**

No changes need be made to the form or requirement for disclosures under Rule 26(a). Since no defendant has appeared in this action, no initial disclosures have been made by either party.

**8.     Discovery**

Plaintiffs' position is that discovery should be conducted according to the Federal Rules of Civil Procedure and the local rules for the United States District Court for the Northern District of California unless otherwise modified by stipulation or ordered by the Court. It is Plaintiffs' position that all fact and expert discovery should be conducted and take place pursuant to the Federal Rules of Civil Procedure and should not be limited or conducted in phases, except as provided by the Federal Rules of Civil Procedure. Discovery will be needed on the allegations set forth in the Complaint and on any allegations and affirmative defenses set forth in Defendant's Answer, should he file one.

**A.     Previous Discovery**

Pursuant to the Court's April 24, 2008 Order for Leave to Take Expedited Discovery, Plaintiffs served a Rule 45 subpoena on third-party California State University, Monterey Bay in order to obtain information including Defendant's name, address, telephone number, e-mail address,

3

and MAC address. The University responded to the subpoena response on June 11, 2008, providing this information.

### B. Written Discovery

Once Defendant appears in this action and the parties are able to conduct a Rule 26(f) conference, Plaintiffs intend to propound their first sets of Interrogatories, Requests for Production of Documents, and Requests for Admission.

### C. Imaging and Inspection of Defendant's Computer(s).

Upon receipt of Defendant's responses, Plaintiffs intend to request for production and imaging each computer identified by Defendant in his responses to Plaintiffs' discovery requests. Plaintiffs propose that an expert in computer forensics selected by the parties shall make one (1) verified bit-image (i.e., mirror image copies) of each computer hard drive and shall create an MD5 or equivalent hash code to ensure that Defendant's original hard drive is not altered and to ensure that the copy of each of the hard drives is an exact duplicate of Defendant's original hard drive. All costs associated with making an image of Defendant's hard drive will be borne by Plaintiffs. An image of the hard drive can be made for Defendant at Defendant's expense.

### D. Oral Depositions

Plaintiffs intend to take Defendant's oral deposition (and, if applicable, other individuals who may have information relevant to the parties' claims and defenses) upon receipt of Defendant's responses to Plaintiffs' written discovery, and upon completion of the imaging and inspection of Defendant's hard drive(s).

**9.  Class Actions**

Not applicable.

**10.  Related Cases**

There are no related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

**11.  Relief**

Plaintiffs seek statutory damages pursuant to 17 U.S.C. § 504(c) ranging from $750.00 to $30,000.00 for each instance of infringement, statutory damages pursuant to 17 U.S.C. § 504(c)

4

ranging from $750.00 to $150,000.00 for each instance of willful infringement, injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights pursuant to 17 U.S.C. § 502 and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' rights pursuant to 17 U.S.C. § 503, and attorney's fees and costs pursuant to 17 U.S.C. § 505.

**12.  Settlement and ADR**

The parties have discussed settlement, but have been unable to agree on settlement terms. Moreover, Defendant has not answered the complaint or responded to Plaintiffs' efforts to meet and confer. For this reason, the parties have not yet filed a Stipulation and Proposed Order Selecting an ADR process, but will do so at such time as the parties are able to meet and confer.

**13.  Consent to Magistrate Judge for All Purposes**

At this time, Plaintiffs do not consent to a magistrate judge for all further proceedings including trial and entry of judgment.

**14.  Other References**

It is Plaintiffs' position that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues**

<u>Plaintiffs believe the following issues can be narrowed by agreement or motion</u>:  Issues regarding ownership of Plaintiffs' sound recordings and validity of copyright registration.

<u>Plaintiffs make the following suggestions to expedite the presentation of evidence at trial</u>: Plaintiffs are hopeful that issues regarding ownership of Plaintiffs' sound recordings and validity of copyright registration can be presented by stipulated facts.

Plaintiffs do not request the bifurcation of any issues, claims, or defenses.

**16.  Expedited Schedule**

Plaintiffs do not believe this case should be handled on an expedited basis or using streamlined procedures.

**17.  Scheduling**

Plaintiffs propose the following schedule of deadlines:

1. Plaintiffs propose that a further case management conference be set for August 7, 2008 to

1    allow time for Defendant to file an Answer prior to the conference.

2    2. Plaintiffs propose that further proposed dates for designation of experts, discovery cutoff,
3       hearing of dispositive motions, pretrial conference, and trial be determined at such time as
4       the parties are able to meet and confer after Defendant files an answer or other response to
5       the Complaint.

**18.    Trial**

Plaintiffs estimate that a trial in this matter would take three days.

**19.    Disclosure of Non-party Interested Entities or Persons**

Plaintiffs filed their Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16 on March 27, 2008. The contents of the certification identified the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities known to (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Plaintiff ATLANTIC RECORDING CORPORATION's ultimate parent corporation is Warner Music Group Corp., which is publicly traded in the U.S.

Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership owned by USCO Holdings Inc., BeSo Holding LLC, Arista Holding, Inc., and Zomba US Holdings, Inc., none of which is publicly traded. Its ultimate parents are Bertelsmann AG and Sony Corporation, the latter of which is publicly traded in the United States.

Plaintiff BMG MUSIC is a general partnership owned by SONY BMG MUSIC ENTERTAINMENT and Ariola Eurodisc LLC, neither of which is publicly traded.

Plaintiff UMG RECORDINGS, INC.'s ultimate parent corporation is Vivendi S.A., a publicly held French company.

Plaintiff LAFACE RECORDS LLC is a limited liability company owned by SONY BMG MUSIC ENTERTAINMENT, whose ultimate parents are Bertelsmann AG, which is not publicly traded, and Sony Corporation, which is publicly traded in the United States.

6

CASE MANAGEMENT STATEMENT
Case No. C 08-01667-WHA
#38461 v1

1  Plaintiff MOTOWN RECORD COMPANY, L.P.'s parent company is Vivendi S.A., a publicly held French company.

Dated: June 26, 2008

HOLME ROBERTS & OWEN LLP

By: _____/s/ Dawniell Alise Zavala_____
DAWNIELL ALISE ZAVALA
Attorney for Plaintiffs
ATLANTIC RECORDING CORPORATION; SONY BMG MUSIC ENTERTAINMENT; BMG MUSIC; UMG RECORDINGS, INC.; LAFACE RECORDS LLC; and MOTOWN RECORD COMPANY, L.P.

# PROOF OF SERVICE

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

I am employed in the office of Holme Roberts & Owen in San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 560 Mission Street, 25th Floor, San Francisco, CA 94105.

On June 26, 2008, I served the foregoing documents described as:

**(1) CASE MANAGEMENT STATEMENT; and (2) DECLARATION OF DAWNIELL ALISE ZAVALA IN SUPPORT OF CASE MANAGEMENT STATEMENT**

on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as to Defendant as follows:

> **Andrew Suarez-Lopez**
> **912 Acosta Place 7**
> **Salinas, CA  93905**

☒    BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 26, 2008 at San Francisco, California.

*Della Grant*
_____
Della Grant

1

PROOF OF SERVICE
Case No. C 08-01667-WHA
#38305 v1